IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMES BURTON SHAW, | : |
| Plaintiff | : |
| VS. | : |
| | : **7 : 03-CV-106 (HL)** |
| SHERIFF ASHLEY PAULK, | : |
| Defendant. | : |

**RECOMMENDATION**

The above-styled 42 U.S.C. § 1983 action was filed on September 29, 2003. The defendant filed his answer on April 12, 2004. Since filing his complaint and motion to proceed *in forma pauperis*, the plaintiff has not filed any other motions, pleadings or discovery. Presently pending before the court is the defendant's motion to dismiss the plaintiff's complaint based on his failure to diligently prosecute this lawsuit. The undersigned issued a notification order regarding the motion to dismiss, advising the plaintiff of the pendency of the defendant's Motion to Dismiss and ordering him to respond thereto within twenty (20) days. The plaintiff has not responded to this motion.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue

delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff.  The plaintiff has taken no meaningful steps to prosecute his case since filing his complaint in September 2003, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit.  The plaintiff has had more than adequate time to pursue his claim against the defendant but he has failed to do so.   The court finds that lesser sanctions will not suffice herein.  Accordingly, it is the recommendation of the undersigned that the defendant's motion to dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**,  this 17th  day of October, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb